**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **REGGIE RUFFIN,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:14-CV-0046-BH |
| ) | |
| **DISTRICT ATTORNEY'S OFFICE, et. al,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be dismissed.

**I. BACKGROUND**

On January 7, 2014, Reggie Ruffin (Plaintiff) filed this civil action against the Dallas District Attorney's Office, the Dallas Police Department, the Dallas Mayor's office, the City of Dallas, and Dallas County. (Compl. at 1). On January 21, 2014, he filed an amended complaint naming City Attorney James Butt as a defendant. (Amend. Compl. at 1). In his February 26, 2014 answers to a questionnaire, he also named Detectives John Valdez and Johnny Vonn as defendants. (Magistrate Judge's Questionnaire "MJQ" Answer 3). He claims that his constitutional and civil rights were violated when he was arrested: 1) on June 7, 2009, and falsely accused of deadly conduct in an indictment handed down on February 17, 2010, a charge that was dismissed on July 30, 2010; and 2) on January 26, 2011, and falsely accused of injury to a child, a charge on which he was found not guilty on October 28, 2011. (Amend. Compl. at 6-9; MJQ Ans. 5; doc. 10 at 2-4). He also claims that Detective Valdez failed to arrest the complaining witness in the 2009 case. (MJQ Ans. 3). Plaintiff seeks monetary damages and prosecution of the complaining witnesses. (MJQ Ans. 6).

**II. PRELIMINARY SCREENING**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to judicial

screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.    Criminal Charges**

Plaintiff appears to seek the criminal prosecution of two individuals. (MJQ Ans. 6; doc. 10 at 4; doc. 11 at 1). There is no constitutional right to have someone criminally prosecuted, *Oliver*

*v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), and a civil action does not permit a private party to enforce criminal statutes. *Florance v. Buchmeyer*, 500 F.Supp. 2d 618, 626 (N.D. Tex. 2007). Plaintiff is therefore not entitled to this relief.

**B.      Non-Jural Entities**

Plaintiff sues the Dallas District Attorney's Office, the Dallas Police Department, and the Dallas Mayor's office. (Compl. at 1). A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. These defendants are not jural entities subject to suit. *See, e.g.*, *Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007); *Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998). The claims against these defendants should therefore be dismissed.

**C.      Statute of Limitations**

Plaintiff's initial complaint, filed on January 7, 2014, alleges that he was falsely arrested on June 7, 2009, and January 26, 2011.

Courts "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993);

*accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in cases filed pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414.

Here, Plaintiff was arrested on June 7, 2009, and January 26, 2011. His claims regarding these arrests accrued on those dates. *Wallace*, 549 U.S. at 391-92 (holding that the statute of limitations on a claim of false arrest began to run when Wallace appeared before the magistrate, not when he was later released). Plaintiff's complaint was filed on January 7, 2014, over four years after

the first arrest and almost three years after the second arrest. (Compl. at 1).[1] His claims are therefore time-barred in the absence of equitable tolling.

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").

Plaintiff appears to allege that the statute of limitations should be equitably tolled because he filed a civil suit in state court on February 17, 2012, that was dismissed in October of 2012. (MJQ Ans. 5). The Fifth Circuit has stated that equitable tolling is appropriate in cases where a plaintiff is either actively misled by the defendant or is prevented in some "extraordinary way" from asserting his rights. *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Plaintiff has alleged no facts to support equitable tolling on this basis. Even if granted equitable tolling for the eight months his claims were evidently pending in state court because he was prevented from

---

[1] Plaintiff also claims that the initial 2009 charge was dropped after 72 hours, but he was indicted on February 17, 2010, in retaliation for seeking the return of his shotgun from the police department. (MJQ Ans. 4). Even assuming for purposes of screening that his claims regarding the first arrest accrued on the day he was indicted, he filed his January 7, 2014 federal complaint almost four years later, and almost three and one half years after the charge in the indictment was dismissed on July 30, 2010.

5

asserting his rights in federal court during that time, however, Plaintiff's claims would still be barred by the statute of limitations because they accrued no later than three years before he filed his federal complaint. Plaintiff's complaint should therefore be dismissed as time-barred.

## IV. RECOMMENDATION

Plaintiff's action should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim against the non-jural entities and failure to file suit within the statutory period of limitations.

**SIGNED this 2nd day of June, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE